**CV 14       2324**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ANNAS OMARI,
                    Plaintiff
        -against-                                   COMPLAINT
                                                    AND JURY DEMAND

                                                    No.
THE CITY OF NEW YORK, and
POLICE OFFICER RODNEY MOORE of the                  MAUSKOPF, J.
NEW YORK CITY POLICE DEPARTMENT,

                    Defendant(s),                   w2 MANN, M.J.
--------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER RODNEY MOORE of the New York City Police Department ("NYPD"), arising out of the false arrest and false imprisonment of ANNAS OMARI.

2. On April 12, 2011, POLICE OFFICER RODNEY MOORE of the NYPD, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. The Plaintiff, ANNAS OMARI, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Eastern District of New York, particularly Queens County.

## PARTIES

7. Plaintiff at all times relevant hereto resided in the Windsorlocks Connecticut, County of Hartford.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9. The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10. That at all times hereinafter mentioned, and on information and belief, the defendants POLICE OFFICER RODNEY MOORE and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances,

regulations, policies, customs and usages of the City of New York and the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14. On April 12, 2011 while working at his store, 7 and 7 Deli located at 40-38 162 Street, Queens, NY, defendant POLICE OFFICER RODNEY MOORE arrested plaintiff for allegedly assaulting a person by the name of Yoon Tae Kim with a baseball bat.

15. According to the police, plaintiff assaulted Yoon Tae Kim on February 18, 2011 at 1:30 a.m. in front of 40-38 162 Street, Queens, NY 11358.

16. In fact on February 18, 2011 at 1:30 a.m. plaintiff was approximately 120 miles away at his home in Windsor Locks Connecticut.

17. Although the police had reason to doubt plaintiff had any involvement in assaulting Yoon Tae Kim defendant POLICE OFFICER RODNEY MOORE arrested plaintiff and charged him with assault even though plaintiff explained that he had done nothing wrong and was home at the time of the alleged crime.

3

18. On April 12, 2011 when the plaintiff surrendered himself to the defendant POLICE OFFICER RODNEY MOORE he told the plaintiff that he was surprised at how short the plaintiff was in light of the description given by the complainant. In fact, the defendant told the plaintiff, who was 5'5", that Yoon Tae Kim described his assailant as being 6'1". While the defendant was surprised at this huge discrepancy he still arrested plaintiff.

19. Plaintiff was taken from the 109th precinct to Queens County Criminal Court where he remained in custody until he was released at his criminal court arraignment on April 13, 2011. The plaintiff was in custody for approximately 36 hours.

20. As a result of his arrest plaintiff had to retain an attorney.

21. Plaintiff was required to appear in Queens County Criminal Court numerous times over the course of one year before the case was dismissed.

22. Although plaintiff explained to the Queens County District Attorney's Office that he did not commit the crime and presented the Queens County District Attorney's Office with the results of a polygraph examination which showed that the plaintiff was telling the truth regarding his innocence the prosecution refused to dismiss the case.

23. Plaintiff offered to take a polygraph examination administered by the Queens County District Attorney's Office.

24. On May 9, 2012, following the plaintiff's testimony to the grand jury, and following a year of making numerous court appearances, the case was dismissed.

25. Plaintiff suffered emotional distress, including nightmares, because of his arrest and detention.

26. The arrest of the plaintiff was committed by the defendant POLICE OFFICER RODNEY MOORE without legal process and without probable cause.

27. Defendants acted maliciously and intentionally.

28. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property.

### FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

29. Paragraphs 1 through 28 are herein incorporated by reference.

30. Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

31. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

32. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

33. Paragraphs 1 through 32 are incorporated herein by reference.

34. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

35. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

36. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

37. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

38. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

39. Defendants subjected plaintiff to false arrest and false imprisonment.

40. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

41. Paragraphs 1 through 40 are incorporated herein by reference.

42. Defendant POLICE OFFICER RODNEY MOORE arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

43. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

44. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

7

D. Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
## (FOURTEENTH AMENDMENT)

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. Defendant POLICE OFFICER RODNEY MOORE illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

47. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

48. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
(MALICIOUS PROSECUTION)

49.  Paragraphs 1 through 48 are incorporated herein by reference.

50.  Defendants caused a false accusatory instrument to be filed against the plaintiff.

51.  Following the case being presented to the grand jury the criminal instrument was dismissed and the criminal proceedings favorably terminated.

52.  Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

53.  Plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.  In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.  Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.  Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
April 9, 2014

                FINK & KATZ, PLLC

By:   Jonathan A. Fink
       One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 202-4036